### KUGELMAN et al. v. MERGENTHEIM.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

JUDGMENT (§ 151*)—DEFAULT—OPENING—EXCUSE.

    Defendant's statement that he did not appear on the trial because his son, a necessary and material witness, was obliged to be in another state on the day preceding, and it would have jeopardized defendant's business interests, had he not been there, is a mere conclusion, and insufficient to entitle him to an opening of his default.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 296–298, 727, 730; Dec. Dig. § 151.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Julius G. Kugelman and another, surviving members of the firm of Kugelman, Frankland & Foreman, against Aaron B. Mergentheim. From an order, defendant appeals. Affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

---

I. Gainsburg, of New York City, for appellant.
Simon T. Stern, of New York City, for respondents.

PER CURIAM. The defendant appeals from an order of the Municipal Court denying a motion to open his default.

Divested of all extraneous matters that do not affect the points at issue, the only excuse offered by the defendant for failing to appear upon the trial of this case, which after one or more adjournments had been set down for trial upon June 27, 1912, was that the defendant's son, who was a salesman in defendant's employ, and who, he alleges, was a necessary and material witness on his behalf, "was obliged to and did leave the city of New York, as it was necessary to be in Pittsburgh, Pa., on June 26, 1912, without fail, in order to make his sales, and that it was absolutely impossible to postpone said trip, as it would jeopardize defendant's business interests," and consequently this witness could not appear upon June 27th, when said action was tried.

The statement that defendant's business interests "would be jeopardized," if it was not possible for his son to be in Pittsburgh, Pa., on June 26th or June 27th, is a mere conclusion, and no facts are given to support this assertion. The Judge below who heard the motion stated in his opinion that "the defendant deliberately permitted a default to be taken against him without adequate excuse," and with this we entirely agree. The practice of permitting defaults to be taken, and subsequently moving to open them, and upon a denial of such motion appealing from the order, has become too prevalent in the Municipal Court, works a delay and a hardship in many instances, and flimsy excuses for such defaults should not be considered.

Order affirmed, with costs.